Dobyns v. Dobyns' assignee.

Case 19—ORDINARY—November 9, 1880.

# Dobyns v. Dobyns' assignee.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. Sec. 8, art. 2, chap. 44, Gen. Stat., does not apply to assignments made by a debtor for the payment of his debts generally.

.2. An action at law against an assignee to whom property has been conveyed for the payment of debts, to enforce the creditor's claim, upon purely legal grounds, based alone upon the assignment and acceptance of the trust, cannot be maintained.

3. There is no consideration for such an action.

REID & STONE for appellant.

The statutory requisition for an affidavit and demand is not necessary. (Gen. Stat., 993; Bullitt's Code, sec. 438; Fox v. Apperson, 6 Bush, 665.)

C. BROCK for appellee.

1. An affidavit and demand was necessary. (Stanton's Rev. Stat., 509; Ib., 331; Myers' Code, sec. 521; Civil Code, secs. 471, 472.)

2. The action at law cannot be sustained.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT

Samuel T. Dobyns executed a deed of assignment for the benefit of all his creditors to the appellee.

Before doing so, he executed a note to the appellant, Sarah F. Dobyns, for the sum of one hundred and fifty dollars, upon which she instituted an ordinary action against appellee, after he had accepted the trust created by the deed, without making demand of him for payment of her claim.

She filed with the petition an affidavit of the assignor made in the usual form required in proof of claims against decedents' estates.

The appellee appeared, and upon his motion the action was dismissed, upon the ground that she had made no demand of him before its institution, and the law contained

in section 8, article 2, chapter 44, General Statutes, which reads as follows, to-wit: "The claims of creditors are required to be verified in the mode required by law in respect of claims against the estate of deceased persons before any portion of the assets shall be received thereon," is relied on to sustain the judgment of dismissal.

Neither the section nor chapter cited applies to an assignment by a debtor for the payment of debts generally, but to trusts created by virtue of the statute against fraudulent conveyances.

These two classes of trusts are distinct, and flow from totally different causes.

In the administration of such trusts the object of the laws governing them is to produce an equal and equitable distribution of the assets, and in this respect only they are similar.

Chapter 3, title 10, Civil Code, provides for the settlement of trust estates and estates of deceased persons, and section 438, which is included in and closes that chapter, provides that "the foregoing provisions of this chapter shall, so far as applicable, regulate proceedings for the sale of property held in trust . . . . . . (by assignment) by a debtor for the payment of debts generally;" but subsection 2 of section 428 shall "not be so construed as to require all creditors holding liens upon the property . . . under the deed of assignment to be made parties."

Subsection 2 of section 428, last referred to, directs that—

"The representatives of the decedent, and all persons having a lien upon or an interest in the property left by the decedent, or any part thereof, and the creditors of the decedents, so far as known to the plaintiff, must be parties to the action as plaintiffs or defendants."

It will be seen, by comparison of the parts of sections 438 and 428, quoted above, that the party instituting proceedings for the sale of property held in trust under a deed of assignment is required to make all persons specified in subsection 2, section 428, parties to the action, except it is not necessary to make all creditors *holding liens* upon the property under the deed of assignment parties.

The creditor must, therefore, make all persons having an interest in the property, or any part thereof conveyed by the deed, and the creditors of the assignor, so far as known, parties to the action, either as plaintiffs or defendants, with the exception noted.

The term proceeding, as used in section 438, means action in the same sense in which it is used in sections 428 and 429. By the last named section, in such an action as mentioned in 428, the petition must state the amount of the debts, and the nature and value of the property, real and personal, . . . so far as known to the plaintiff; and if it shall appear that the personal estate is insufficient for the payment of all debts, the court may order the real property, . . . . or so much thereof as shall be necessary, to be sold for the payment of the residue of such debts." It is made the duty of the court, by the next section, to refer the cause to a commissioner to take proof of claims. These provisions seem to us to point out a just mode of settling trusts under deeds of assignment, and are peculiarly applicable in regulating proceedings for the sale of property held under such trust. Section 438 cannot, by any reasonable construction, be confined, in adopting the provisions of chapter 3, *supra*, so far as applicable, to a mere naked sale of property held in trust. It contemplates, in regulating such sales, the pur-

pose of the law in requiring an equal and equitable distribution of the debtor's property in execution of the trust created by the deed of assignment. And sections 429 and 430 contain provisions applicable to proceedings for such sale, and appropriate to effect the object of such trusts in ascertaining for whom and how much it shall be made.

We do not decide that a creditor, failing to present his claim, will be barred of any remedy thereon, unless he should be a party to the proceeding. The demand contemplated by section 437 is not applicable to the sale and distribution of a debtor's property in pursuance of a deed of assignment for the payment of his creditors.

It was the duty of the assignor, before making the deed, to pay his debts as they matured, without demand, and the same duty devolves upon the assignee who, in that regard, stands in his place; but if the assignee should not be assigned enough property to pay the debts in full, then it becomes his duty to ascertain in person, or by authority of the court, the extent to which the assets will discharge the debts, and pay the creditors pro rata according to their rights of equality and priority. But he is entitled to a reasonable time to execute the trust, subject to the circumstances connected with it and the estate.

If he fails or refuses to do so he may be proceeded against by any person having a legal or equitable right against the assignor or assignee relative to the performance of his trust.

We are of the opinion that an ordinary action against the assignee to recover a judgment for a debt of the assignor cannot be maintained. To adjudge such an action maintainable would subject the assignee to a multiplicity of actions, and the estate to unnecessary cost, without having the creditors, who are the parties most interested, before the

court, in defeating an excessive or false claim, when a simple remedy, just to all parties interested, is provided by the cited provisions of the Civil Code.

It would give each claimant a separate attorney's fee, and materially impede the assignee in the discharge of his trust. It may also be inquired, what kind of judgment could the appellant recover? Certainly not a judgment against the assignee, payable out of his goods and chattels, nor out of the property assigned, for that would destroy equality in the distribution of an insolvent estate, and inaugurate the race of diligence. No default in discharging the trust is alleged against the trustee; but it is claimed, because the petition avers that enough assets were assigned to pay the debts of the assignor in full, that the appellant is entitled to a personal judgment at law against the assignee. To this we cannot agree. The assignee does not become the beneficiary in person of the property assigned; he simply undertakes the performance of a trust which the law expressly provides for, and is responsible only in the event of neglect or refusal to perform his duty in discharge of the trust. Such trusts are in a peculiar sense subject to equity jurisdiction in the absence of statutory provisions regulating them; and this is because courts of equity can administer entire justice and distribute all the funds in their proper order among all the claimants, upon the application of any of them, either on his own behalf or on behalf of himself and all the other creditors. (Story's Eq., secs. 1036, 1037.)

And an action at law to enforce the claim of a creditor on purely legal grounds, based alone upon the assignment and acceptance of the trust by the assignee, without showing any default upon his part in the performance of his duties, is, in our opinion, without the necessary consideration to

maintain such an action; besides, such a remedy would be inadequate to give full relief to the creditor.

The relief demanded did not authorize the court of its own motion to transfer the case to equity. (Section 90, Civil Code.)

Section 438, construed in connection with the other sections of chapter 3, *supra*, as well as subsection 2, section 428, directly referred to by it, and in the light of the purposes of the sale of property held in trust as exemplified by the character of claims and interest of the necessary parties that it requires shall be before the court, clearly shows that the terms, "so far as applicable," are used in reference to a distribution of the proceeds of the sale provided for therein, as well as to the sale, and in order to make such distribution a settlement of the trust estate is necessary, and impliedly authorized by that section and chapter. The rules in equity and these statutory provisions unite to sustain the grounds on which we base this opinion.

Whether the appellant is a married woman, and without legal capacity to sue, does not appear in this record. Therefore, we cannot decide that objection.

We are of the opinion that the dismissal of appellant's petition did not prejudice her substantial rights, and for the reasons given the judgment must be affirmed.