## J. J. GOODNIGHT v. J. H. ADSIT ET AL.

**Constitutionality of a Statute.**

An act of the legislature may be constitutional in part and unconstitutional in another part.

**Claims Against Commissioner.**

Claims may be proved before a commissioner without an action to establish their validity, for in such case the claims may be as effectively questioned by exceptions to the commissioner's report as they could be by suit.

**Liens of Materialmen.**

Where money is loaned for and applied to the business of manufacturing in which the debtor was engaged, it comes within the lien statute and is superior to the claim of an attaching creditor.

**Waiver of Materialman's Lien.**

One having a lien as a materialman waives it by accepting a mortgage for the same claim and electing to pursue his remedy thereon.

### APPEAL FROM SIMPSON CIRCUIT COURT.

April 22, 1881.

OPINION BY JUDGE HINES:

It is contended by the appellant that 1 Acts March 20, 1876, Ch. 902, § 1, Gen. Stat. (1879), p. 944, is unconstitutional because it violates the obligation of contract. This we concede, in so far as it attempts to reach, in behalf of the materialmen, property mortgaged prior to the furnishing of material or the performance of services by materialmen; but the principle does not apply here because the proceeds of all the property covered by the mortgage in this case were applied to the discharge of the mortgage debt. An act of the legislature may be constitutional in part, and unconstitutional in another part.

It is objected in the second place that the court erred in allowing all claims presented within sixty days after the levy of the attachment, insisting that no claim should have been allowed which had been overdue sixty days. It is provided in § 4 of the act that the lien shall attach whenever the property is taken under attachment; and § 5 provides that suit may be brought within sixty days next after the right of action shall accrue. As no right of action

under the statute can arise until the lien attaches it is manifest that the limitation begins at that time. The statute is treating of the enforcement of liens and not of the right of action against the person—of proceedings in the nature of proceedings in rem and not of proceedings in personam—and it must therefore be construed in reference to the matter about which it specially treats, and not by the general law as to limitations.

It is objected in the third place that certain claims were improperly allowed, because they were simply filed before the commissioner without the formality of a suit against the debtor and a complaint. We think this objection not well taken. The question might well arise if there were no parties to the action except the appellant and the creditor, and the whole estate had not passed into the hands of an assignee for general distribution. According to the relative rights of claimants, the rule applicable to the distribution of insolvent estates in the hands of an assignee must apply. The claims may be proved before the commissioner without an action to establish their validity, for in such case the claims may be as effectively questioned before the commissioner and by exceptions to his report as they could be by suit. *Dobyns v. Dobyns' Assignee,* 79 Ky. 95, 2 Ky. L. 274.

It is contended in the fourth place that certain claims for money loaned to the debtor were improperly allowed as liens prior to appellant's claim. The evidence as to these claims is that the money was loaned for and applied to the business of manufacturing in which the debtor was engaged. We think it is within the spirit of the statute to allow them as superior to the claim of the attaching creditor. The one who furnishes money which was applied to the business of manufacturing in effect furnished "supplies" for the conduct of such business. It is upon the same principle that one furnishing an infant money to buy or supply necessaries is entitled to claim upon the ground that he has furnished the necessaries. *Watson v. Cross,* 2 Duv. (Ky.) 147.

As to the complaint that the claim of Thompson & Booker should not have been allowed because the coal and wood for which the allowance is made was not used in the business of manufacturing, it is sufficient to say: (1) the whole amount ($10), if improperly allowed, would not authorize a reversal on that ground alone; and (2) the evidence does not show how much of it was used in the business, but does show that some portions were so used.

As to the claim that appellant should have been preferred to the extent of the whole of his claim there is this to be said, that even if it be conceded that the claim is for material, within the meaning of the statute, appellant waived that lien by accepting the mortgage for the same claim and electing to pursue his remedy thereon. We need not speak of the policy or impolicy of this law, nor of the hardships it may work, because it is our duty to construe the law as we find it, and because the features that counsel consider most obnoxious have been repealed by an act approved May 4, 1880.

Judgment *affirmed*.

*R. Rodes, J. H. Goodnight, for appellant.*

*G. W. Whitesides, Walker & Walker, for appellees.*