CASE 33—PETITION EQUITY—FEBRUARY 3.

# Longdale Iron Company v. Swift's Iron and Steel Works.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

1. FRAUDULENT PURCHASE OF PERSONAL PROPERTY.—The vendor of personal property fraudulently purchased can maintain an action against the fraudulent vendee to set aside the sale and have the property restored to him, provided the rights of innocent purchasers for value have not intervened.

2. AN ASSIGNEE FOR THE BENEFIT OF CREDITORS IS NOT A PURCHASER FOR VALUE, and, therefore, antecedent equities that could have been asserted against the assignor may be asserted against the assignee.

  In this case the vendor of property fraudulently purchased by the assignor prior to the assignment is allowed to maintain an action against the assignor and assignee to set aside the sale and have the property restored to him, and the allegations of the petition, not being controverted, are to be taken for confessed.

3. IN AN ACTION AGAINST AN ASSIGNEE FOR THE BENEFIT OF CREDITORS, THE ALLEGATIONS OF THE PETITION ARE TO BE TAKEN FOR CONFESSED if not controverted by answer. The allegations are not controverted by law, as in the case of claims against estates assigned by operation of law, which must be proved, although not denied.

ROOT & ROOT FOR APPELLANT.

1. A court of equity has jurisdiction to rescind a contract in relation to personal property on the ground of fraud. (Holcombe's Eq. Jur., p. 43; Bradbury v. Keas, 5 J. J. Mar., 446; Gibson v. Moore, 7 B. M., 94; Lane, &c., v. Robinson, 18 B. M., 630; Carroll's Code of Practice, sec. 250.)

2. The material allegations of the petition are confessed, no answer of any kind being filed  Section 8 of article 11, chapter 44, General Statutes, has no application to this class of cases. (Dobyns v. Dobyns' Assignee, 79 Ky., 95.)

3. An agent, in making purchases from his principal, must conceal no facts which might influence the judgment of his principal as to price or value, and if he does the contract will be set aside. (1 Story's Eq. Jur., pages 309-311.)

CHARLES J. HELM FOR APPELLEE.

1. This case was, by agreement, consolidated with a suit for the settlement

of the affairs of appellee, and the lower court treated it as a claim against the estate. In this the appellant acquiesced, and, instead of requiring an answer, attempted to prove its claim in conformity to the view of the court. Having done this, it can not now insist that the allegations of the petition are to be taken as confessed, because there was no answer.

2. The petition does not state a cause of action against the appellee or its assignee; nor does the proof make out a case of fraud.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant alleges that on the 15th day of June, 1887, it sold and delivered to the appellee, the Swift Iron and Steel Works, six hundred and twenty-five tons of iron; that the sale was by E. L. Harper, as the agent of the appellant; that said Harper was an acting and managing member of the appellee, and knew, at the time of the sale and delivery, that the appellee was hopelessly insolvent, and was unable to pay for said iron, and sold the same to the appellee with the design to defraud the appellant, all of which the appellant was ignorant at the time of said sale and delivery; that on the 21st of the same month the appellee made an assignment of its property for the equal benefit of creditors, &c., and said Harper did likewise.

The appellant asks that said sale be set aside. The appellee and its assignee and Harper and his assignee were made defendants, and were served with process. They did not controvert the allegations of the petition. The lower court seemed to think that said allegations stood controverted by law, as are the claims against estates that are assigned by operation of law. By section 8, article 11, chapter 44, General Statutes, a denial of said claims is not necessary; but they

Longdale Iron Company v. Swift's Iron and Steel Works.

must be proven, else not allowed ; but in the case of Dobyns v. Dobyns' Assignee, 79 Ky., 95, it was held that said statute did not apply to claims against an estate voluntarily assigned for the benefit of creditors. It seems, in such case, that the assignee stands in the shoes of the assignor, and as an action against the latter would be taken for confessed if not controverted by answer, so likewise it would be taken for confessed against the voluntary assignee; and as the petition set forth a sufficient cause for setting the sale aside (see Lane, &c., v. Robinson, 18 B. M., 630), there was no proof of its allegations required.

In the cases of Gibson v. Moore, &c., 7 B. M., 94, and Lane v. Robinson, 18 B. M., 630, it was decided that the vendor of property fraudulently purchased could maintain an action against the fraudulent vendee to set the sale aside and have the property restored to him, provided the rights of innocent purchasers for value and without notice of the fraud had not intervened. In the Gibson case the creditors had attached, and thereafter, by agreement, the property was sold to them without notice of the fraud, but conveyed to one of their number in trust in satisfaction of the debts. This court held that the creditors in that state of case were innocent purchasers for value. If an individual creditor, in good faith, were to buy a piece of property from his debtor in payment of the indebtedness, he would be a purchaser for value, which would preclude antecedent equities of which he had no notice. This is because such purchaser, being equally innocent with other creditors, has perfected his right, acquired the legal title for value

and without notice, which will hold as against the mere equities arising in favor of the other creditors by reason of the fraud of the debtor. But this court, in the cases of Chenault, Receiver, &c., v. Bush, 84 Ky., 528, and the Bank of Commerce v. Payne, Viley & Co., 86 Ky., 446, decided that an assignee for the equal benefit of creditors was not a purchaser for value; that the assignment did not preclude the assertion of antecedent equities that could have been asserted against the assignor; that as such assignment of itself did not divest the creditors of any rights, or cause them to relinquish any rights, they were not purchasers for value. According to these cases the appellant is entitled to assert its equity against the appellees, and its petition not having been controverted by answer, its allegations should be regarded as true.

The judgment is reversed, and the cause is remanded with directions to proceed according to this opinion.